## GEORGE W. ELKIN v. THE STATE.

RETAILING LIQUORS. *Keeping open drug store on Sunday. Sections* 1113 *and* 2953,. *Code of* 1880, *construed.*

Under §§ 1113 and 2953, Code of 1880, which declare that it shall be unlawful for any person who has license to sell vinous and spirituous liquors to keep open the bar or place where such liquors are sold on Sunday, it is unlawful for a druggist who also sells liquor in the same store with his drugs to keep such store open on that day, unless keeping open that part of the store where the drugs are kept does not afford access to the place where the liquors. are sold.

APPEAL from the Circuit Court of Monroe County.

HON. J. W. BUCHANAN, Judge.

A statement of the case will be found in the opinion of the court.

*Murphy & Walker*, for the appellant.

1. We admit that if a druggist who obtains license to retail keeps his liquors in the same department with his drugs and sells the same there, and keeps *this room* open on Sunday, he may be amenable to § 1113, although protected by § 2950.

But, as in this case, when the druggist keeps his liquors in a separate room from his drugs, as in a cellar, where no one is permitted or enters, and the drug department alone is open, entered and used for the purpose *alone* of compounding drugs or prescriptions for the afflicted, we submit, he does not fall under the condemnation of the statute.

We submit that the law was intended to close saloons on Sunday, or rather to shut out from view on that day the temptation to tipple.

2. There is a difference between the kind of keeping open intended by the lawmakers to be prevented than the one at bar, when nothing could or was done which the legislature intended to remedy:

*T. M. Miller*, Attorney General, for the State.

I submit that if a person will engage in a traffic which *can* do no earthly good and *does* do infinite harm he must submit himself to the law that permits it, without inquiry into supposed hardships that it may impose.

63 Miss.—9

It is not admissible to bring a meaning into a statute when there is no difficulty in extracting the sense, nor is it admissible to resort to *artificial construction* when the meaning is plain. These are fundamental rules.

A druggist is under no sort of legal obligation to keep his establishment open on Sunday; he is permitted to do so only in case that he does not retail liquor at the same place during the week.

The statute says nothing about the purpose for which " the place " is kept open; keeping it open completes the offense and renders it unnecessary for the prosecution to make inquiry touching furtive or clandestine drinking.

The legislature has the undoubted right to prevent altogether, to hamper, or to make as odious as it chooses the traffic in ardent spirits.

ARNOLD, J., delivered the opinion of the court.

Appellant was engaged in business both as a druggist and licensed liquor seller in one and the same house. His liquors were kept in a cellar to the house, but they were sold during the week in the same room and over the same counter where drugs and medicines were sold, and there was a door without a shutter leading from the store room to the cellar. Appellant was indicted and convicted of keeping open on Sunday the bar or place where vinous and spirituous liquors were sold. It was shown on the trial that he had license to sell such liquors, and that the doors of the store were kept open on that day.

The conviction was right. It was no violation of law for appellant as a druggist, under § 2950 of the code, to keep open store on Sunday, but §§ 1113 and 2953 of the code positively prohibit any person having a license to sell vinous or spirituous liquors from keeping open on Sunday the bar or place where such liquors are sold. It was unlawful for appellant, as a druggist, to sell vinous or spirituous liquors as such without license or on terms different from those prescribed by law for other dealers. Code, § 585, p. 189. After he obtained license to sell such liquors he could no longer exercise the privilege of a druggist to keep open

store on Sunday, and he became subject to all the restrictions im-
posed by law on licensed liquor sellers.

The defense attempted to be made, that the bar or place where
the liquors were kept and sold was so separated from that part of
the house in which the drug business was carried on, that keeping
the latter open afforded no access to the former, would have been
good if established, but there was manifest defect of proof on this
point.                                             *Affirmed.*